O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE J. STRAIT,<br><br>                Plaintiff,<br>     v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 10-3405-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 7, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

I.

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the sole disputed issue that Plaintiff raises as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly considered the medical evidence as contained in the treating opinion from Susan Yoshino, M.D. (JS at 4.)

II.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

III.

**DISCUSSION**

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff had the following severe impairments: gout, back pain, diabetes mellitus, obesity, hypertension, depressive disorder, and borderline intellectual functioning. (Administrative Record ("AR") at 14.) The

ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform medium work not involving more than simple, repetitive tasks, with no more than limited contact with the public. (Id. at 19, 22.)

Relying on the testimony of a vocational expert ("VE") to determine the extent to which Plaintiff's limitations eroded the unskilled medium occupational base, the ALJ asked the VE whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (Id. at 24.) Based on the testimony of the VE, the ALJ determined Plaintiff could perform the requirements of representative unskilled/medium work occupations such as Hand Packer (Dictionary of Occupational Titles ("DOT") 920.587-018) and Cleaner/Janitor (DOT 381.687-018). (Id.)

**B.     Treating Physician.**

Plaintiff contends that the ALJ rejected the opinion of Dr. Yoshino, who treated Plaintiff at the Venice Family Clinic "every 1-2 months since May 2006," without providing a "legally sufficient rationale." (JS at 5-8.) Specifically, in a "Physical Residual Functional Capacity Questionnaire" dated September 29, 2008, Dr. Yoshino diagnosed Plaintiff with diabetes, hypertension, obesity, and gout, and noted symptoms of fatigue, insomnia, stomach pain, and foot numbness. (AR at 373.) Dr. Yoshino also noted that Plaintiff's depression and anxiety affected his physical condition. (Id. at 374.) Based on these impairments and symptoms, Dr. Yoshino opined that Plaintiff had the following limitations on his ability to work: Plaintiff was capable of "performing low stress" work; Plaintiff could neither sit nor stand for more than thirty minutes at a time; Plaintiff could occasionally lift/carry ten pounds or less, rarely lift/carry twenty pounds, and never lift/carry fifty pounds; Plaintiff had mild limitations in doing repetitive reaching, handling, or fingering; and Plaintiff likely would be absent from work "about 3 days per month" due to his impairments. (Id. at 374-76.)

With respect to Dr. Yoshino's opinion, the ALJ stated:

3

1          Although, as noted above, treating physician, Dr. Yoshin [sic],
2    effectively assessed the claimant as unable to sustain even sedentary
3    level exertional activity, the undersigned finds that the medical findings
4    submitted by this physician and otherwise documented in the record do
5    not support a finding that the claimant's medical condition is of
6    disabling severity, nor does the treating physician provide an assessment
7    of the claimant's residual functional capacity which is compatible with
8    the record as a whole. As noted above, medical records from Dr.
9    Yoshin's [sic] clinic reflect little more than routine medical care and
10   monitoring of the claimant's condition. There is no indication Dr.
11   Yoshin [sic] ever referred the claimant for intensive treatment, physical
12   therapy, inpatient care, etc. and the functional limitations Dr. Yoshin
13   [sic] cites are inconsistent with the Venice Clinic records, which fail to
14   cite such complaints or restrictions or reflect clinical findings consistent
15   with the limitations assessed, and the claimant's performance during Dr.
16   Lim's examination, in which, but for some slightly diminished lumbar
17   spine motion, the claimant retained full mobility and neurological
18   functioning. Therefore, the treating physician appears to have taken the
19   claimant's subjective allegations at face value and merely reiterated
20   those allegations in her reports and when making her assertions
21   regarding the claimant's ability to work. Her assertions do not appear
22   to take into account the other factors which must be considered by the
23   undersigned, such as the other medical reports and opinions as well as
24   the vocational factors involved. Accordingly, even though the treating
25   physician's opinions have been duly considered, in view of the overall
26   record, they are not found to be persuasive or controlling.

(Id. at 21.)

It is well-established in the Ninth Circuit that a treating physician's opinions

4

are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

"The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes, 881 F.2d at 751 (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability). The issue of whether a claimant is disabled within the meaning of the Social Security Act is an issue reserved for the Commissioner, and, therefore, the opinion of a treating physician that a claimant is disabled will not be given special significance. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

Here, the ALJ considered Dr. Yoshino's opinion that Plaintiff was "unable to perform even sedentary level exertional activity[.]" (AR at 21, 372-76.) However, the ALJ rejected Dr. Yoshino's opinion based on the lack of supporting objective evidence and lack of consistency with the record as a whole. (Id. at 21.)

An ALJ may properly discount a treating physician's opinion that is not supported by clinical findings. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Thomas, 278 F.3d at 957 (ALJ need not accept treating physician's opinion that is inadequately supported by clinical findings). The ALJ reviewed Plaintiff's records from the Venice Family Clinic, where he was treated between 2004 and 2008. (AR 15, 132-231, 265-346.) As the ALJ noted, laboratory results from December 2, 2004, and July 17, 2004, reflect Plaintiff's elevated glucose levels, usually associated with diabetes, and uric acid levels, usually associated with gout, respectively. (Id. at 15, 221, 229.) Plaintiff experienced occasional "flare ups" of gout in his feet. (Id. at 15, 196.) Additionally, Plaintiff's blood pressure was elevated, and he was obese. (Id. at 15, 198.) As of December 14, 2004, Plaintiff was diagnosed with diabetes mellitus and prescribed appropriate medication. (Id. at 15, 187.)

However, Plaintiff's treatment records reflect that his gout improved quickly with proper medication. (Id. at 15, 190, 195.) Plaintiff's hypertension also improved with medication; his symptoms only became aggravated when he failed to take his medication as prescribed or he did not have medication. (Id. at 15, 190-92.) Throughout 2005 and 2006, Plaintiff did not demonstrate any deterioration in his condition. (Id. at 15, 138-79.) With respect to Plaintiff's diabetes, records from January 18, 2005, and May 9, 2006, demonstrate that Plaintiff did not have diabetic retinopathy. (Id. at 15, 208, 218.) Similarly, records from May 30, 2006, July 13, 2007, and July 25, 2008, demonstrate that Plaintiff had no symptoms of diabetic neuropathy-related symptoms in his feet. (Id. at 15, 274, 287 344.) Laboratory results from June 24, 2008, demonstrate that Plaintiff's glucose levels were slightly above the normal range. (Id. at 15, 342.) As the ALJ noted:

> [A]lthough the claimant has diabetes, he has not experienced any diabetes-related end organ damage such as retinopathy or neuropathy

|   |   |
|---|---|
| 1 | and has been repeatedly tested with negative results for diabetic foot |
| 2 | problems. It appears that as long as the claimant takes his medication |
| 3 | and watches his diet and weight, his diabetes is controllable. That same |
| 4 | holds true for his gout condition. The claimant's reported gout flare-ups |
| 5 | have coincided with non-compliance with his medication . . . [a]lso, |
| 6 | whereas the claimant has been diagnosed with hypertension, there is |
| 7 | again no evidence that the claimant has experienced end-organ damage |
| 8 | or chronic edema secondary to cardiac problems. The claimant's |
| 9 | hypertension appears largely controlled with proper medication, diet and |
| 10 | weight loss. |

(Id. at 21.)

Further, the ALJ noted that Dr. Yoshino's opinion was inconsistent with the opinion of Dr. Seung Ha Lim, M.D., an examining physician. An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). Dr. Lim's report, dated October 12, 2007, noted that Plaintiff's gait and balance were normal; Plaintiff's range of motion for his back was "mildly decreased," his range of motion of the joints of the upper and lower extremities was within normal limits, and there were no signs of radiculopathy; Plaintiff's blood pressure was mildly elevated; and Plaintiff's neurological examination was normal. (AR at 238-40.) Based on his examination, Dr. Lim provided the following functional assessment: Plaintiff could stand, sit, and/or walk for six hours in an eight-hour work day; Plaintiff could lift and or carry fifty pounds occasionally and twenty-five pounds frequently; and Plaintiff was not limited with respect to pushing and pulling. (Id. at 240.) As the ALJ noted, Dr. Lim's assessment was consistent with the assessment of Dr. Georgina B. Huskey, M.D., the State Disability Determination Service physician. (Id. at 16, 243-48.) A non-examining physician's opinion constitutes substantial evidence when it is supported by other

7

evidence in the record and is consistent with it. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. Yoshino's opinion was inconsistent with other evidence in the record as well. A lack of consistency with the record may be used to discount a treating physician's opinion. Orn, 495 F.3d at 631–32. Even Plaintiff's own statements do not support Dr. Yoshino's extreme findings. For instance, in a Function Report completed by Plaintiff on September 1, 2007, Plaintiff indicated that he suffered from gout, diabetes, nervousness, and concentration problems. However, Plaintiff also indicated that he prepared his own meals, helped with laundry, exercised, shopped, and visited his friends outside his mother's house. Plaintiff also stated that he could lift thirty to thirty-five pounds. (AR at 102-05.)

Based on the above, the Court finds that the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Yoshino's opinion. Thus, there was no error.

## IV.
## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: April 29, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge

8